UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

SUSAN DILLARD MCKEY                                    CIVIL ACTION

v.                                                     NO. 16-13642

ROBERTA ZENO AUGUST, ET AL.                            SECTION "F"

ORDER AND REASONS

Before the Court is St. John the Baptist Library Board of Control's motion to dismiss.  For the reasons that follow, the motion is GRANTED without prejudice.

**Background**

This civil rights lawsuit by a former employee of St. John the Baptist Parish Library concerns allegations of reverse racial discrimination and deprivation of continued family health insurance coverage without due process of law.

The plaintiff, Susan McKey, joined the St. John the Baptist Parish Library ("Library") as an Assistant Director in 1986.  In 2013, McKey alleges that certain African-American administrators at the Library began to single her out for scorn and harass her because she is Caucasian.  Worried about the increasingly contentious atmosphere at the Library, McKey enrolled in the

1

Deferred Retirement Option Plan ("DROP") available to her because of her participation, through her Library employment in the Parochial Employee's Retirement System of Louisiana ("PERSLA").[1] McKey, eligible, because of her 25 years of employment at the Library, purchased $32,000 in necessary retirement credits to enter DROP in September 2013. She expected to fully retire in September 2016.

On June 20, 2014, Roberta Zeno August, an African-American, became Director of the Library. According to McKey, August's arrival only exacerbated the atmosphere of "conflict and hostility" and racial animus toward her. After Ingrid Depland, an African-American employee, filed her third grievance in a year against McKey, August issued McKey a formal warning and demoted her from Head of Technical Services. McKey had served in that capacity for more than a decade.

On April 8, 2015, McKey fell asleep at her desk. Despite McKey's insistence that she suffered from sleep apnea, August issued a second formal warning to McKey and met with her and Tammy Houston, another African-American Library employee, to discuss a possible change in McKey's job responsibilities. On April 29,

---

[1] Entry into DROP calculates an eligible employee's accrued pension benefits and accumulates them with the retirement system while permitting the employee to continue working for a default three-year period. The pension benefit is calculated as if the employee is actually retiring.

2015, August demoted McKey from Assistant Director to a Cataloger/Acquisitions Librarian and cut her salary. Houston thereafter assumed the role of Assistant Director. Later that night, McKey "partially" cleaned out her office and removed copies of Library documents.

The next week, McKey requested a three-month leave of absence, citing severe medical conditions she alleges were aggravated by the racially hostile work environment to which she had been subjected for the preceding two years. On May 7, 2015, after McKey had just begun her leave, August sent a letter threatening to call the authorities on McKey unless she returned the documents she took home from her office on April 29. On May 13, McKey complied, sending a certified letter itemizing the returned documents and including photographs.

On May 27, 2015, August terminated McKey's employment and health insurance benefits. The Library then informed McKey, who had fully vested in her retirement benefits, that she would need to complete the requisite retirement paperwork to begin receiving her benefits. However, McKey was also informed that St. John the Baptist Parish was terminating her continuing family health insurance coverage because the Library had considered her separation as a termination rather than a retirement. Meanwhile, at the behest of August and Houston, the St. John the Baptist

3

Parish Sheriff's Office began conducting a criminal investigation into McKey's April 29 taking of documents from the library.  On August 5, 2015, McKey was arrested and charged with a felony for Injuring Public Records.

On August 5, 2016, Ms. McKey filed suit against August, St. John the Baptist Library Board of Control, and St. John the Baptist Sheriff's Office.  She alleges that Ms. August, an African-American, is liable under 42 U.S.C. § 1981 for creating a hostile work environment and discriminating against her based on her Caucasian race.  Ms. McKey also alleges that the Library Board is liable under 42 U.S.C. § 1983 for violating Article I, § 10, the Fourteenth Amendment of the U.S. Constitution, Article I, § 23 of the Louisiana Constitution and Article I, § 2 of the Louisiana Constitution by denying her continued family health insurance coverage allegedly promised to her.  On October 3, 2016, Ms. McKey's claims against the Sheriff's Office for false arrest and imprisonment were dismissed.  The Library Board now seeks to dismiss her remaining claims against it.  In her response to the motion to dismiss, McKey also voluntarily withdrew her claims alleging a violation of Article I, § 10 of the U.S. Constitution and Article I, § 23 of the Louisiana Constitution.

I.

4

Rule 12(b)(6) of the Federal Rules of Civil Procedure allows a party to move for dismissal of a complaint for failure to state a claim upon which relief can be granted. Such a motion is rarely granted because it is viewed with disfavor. See Lowrey v. Tex. A & M Univ. Sys., 117 F.3d 242, 247 (5th Cir. 1997) (quoting Kaiser Aluminum & Chem. Sales, Inc. v. Avondale Shipyards, Inc., 677 F.2d 1045, 1050 (5th Cir. 1982)).

Under Rule 8(a)(2) of the Federal Rules of Civil Procedure, a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Ashcroft v. Iqbal, 556 U.S. 662, 678-79 (2009)(citing Fed. R. Civ. P. 8). "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Id. at 678 (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)).

In considering a Rule 12(b)(6) motion, the Court "accept[s] all well-pleaded facts as true and view[s] all facts in the light most favorable to the plaintiff." See Thompson v. City of Waco, Texas, 764 F.3d 500, 502 (5th Cir. 2014) (citing Doe ex rel. Magee v. Covington Cnty. Sch. Dist. ex rel. Keys, 675 F.3d 849, 854 (5th Cir. 2012)(en banc)). But, in deciding whether dismissal is warranted, the Court will not accept conclusory allegations in the complaint as true. Id. at 502-03 (citing Iqbal, 556 U.S. at 678).

5

To survive dismissal, "'a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" Gonzalez v. Kay, 577 F.3d 600, 603 (5th Cir. 2009)(quoting Iqbal, 556 U.S. at 678)(internal quotation marks omitted). "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." Twombly, 550 U.S. at 555 (citations and footnote omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678 ("The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully."). This is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. at 679. "Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." Id. at 678 (internal quotations omitted)(citing Twombly, 550 U.S. at 557). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief'", thus, "requires more than labels and conclusions, and a formulaic recitation of the

elements of a cause of action will not do." Twombly, 550 U.S. at 555 (alteration in original) (citation omitted).

Finally, "[w]hen reviewing a motion to dismiss, a district court 'must consider the complaint in its entirety, as well as other sources ordinarily examined when ruling on Rule 12(b)(6) motions to dismiss, in particular, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." Funk v. Stryker Corp., 631 F.3d 777, 783 (5th Cir. 2011)(quoting Tellabs, Inc. v. Makor Issues & Rights, Ltd., 551 U.S. 308, 322 (2007)).

## II.

Title 42, U.S.C. § 1983 creates a damages remedy for the violation of federal constitutional or statutory rights under color of state law; it provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State ... subjects, or causes to be subjected, any ... person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured.

To establish § 1983 liability, the plaintiff must satisfy three elements: (1) deprivation of a right secured by the U.S. Constitution or federal law, (2) that occurred under color of state

law, and (3) was caused by a state actor. Victoria W. v. Larpenter, 369 F.3d 475, 482 (5th Cir. 2004) (citation omitted).

The plaintiff has voluntarily withdrawn her claims under Article 1, § 10 of the U.S. Constitution and Article 1, § 23 of the Louisiana constitution. Therefore, the Court's analysis focuses solely on whether the plaintiff has failed to adequately plead a due process violation under the Fourteenth Amendment.[2] The Amendment reads:

> No state shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any state deprive any person of life, liberty, or property, without due process of law....

U.S. Const. amend. XIV. Here, the plaintiff alleges that the Library Board has deprived her of her property right to the continuing health insurance coverage she alleges the Library promises to retired employees. To demonstrate the existence of a property interest triggering Fourteenth Amendment protection, a person must have a "legitimate claim to entitlement" to the interest grounded in an "independent source such as state law."

---

[2] "The Louisiana Constitution provides the same due process protections as that of the United States Constitution." Cripps v. La. Dept. of Agric. and Forestry, 819 F.3d 221, 232 (5th Cir. 2016). If the plaintiff has failed to plead that her due process was violated under the Fourteenth Amendment, then, it follows that she has failed to state a claim under Article I, § 2 of the Louisiana Constitution. Accordingly, the Court's analysis under the Fourteenth Amendment sufficiently addresses the plaintiff's state constitutional claim.

Bd. of Regents of State Colleges v. Roth, 408 U.S. 564, 577 (1972). A state violates the Fourteenth Amendment by destroying such a property interest without giving the "putative owner an opportunity to present his claim for entitlement." Logan v. Zimmerman Brush Co., 455 U.S. 422, 434 (1982).

McKey asserts that, as a participating member in the PERSLA who had fully vested in her retirement benefits, she has a legitimate claim of entitlement to the continuing health insurance family coverage typically provided to Library retirees by St. John the Baptist Parish. In support of her claim, McKey points to the St. John the Baptist Library Policies & Procedures Manual, which states that the Library pays 100 percent of its insurance benefits to "retired employees who qualify for retirement under the Parochial Employees Retirement System of Louisiana."

The Library Board attempts to frame McKey's claim as one for the deprivation of her property right to continued employment with the Library. To hold a property right in continued employment, an employee must show either that (1) the employment could only be terminated for cause or (2) the employee is a permanent classified employee under the Louisiana Civil Service System (LCSS). Wallace v. Shreve Mem'l Library, 79 F.3d 427, 429 (5th Cir. 1996). Since McKey was an at-will employee not classified under the LCSS, the

9

Board was clearly free to terminate her employment without affording her due process.

However, the plaintiff's complaint targets the deprivation of a post-employment *benefit*, not the employment itself. The Louisiana Supreme Court has held that "when an employer promises a benefit to employees, and employees accept by their actions in meeting the conditions, the result is not a mere gratuity or illusory promise but a vested right in the employee to the promised benefit." Knecht v. Bd. of Trs. for State Colls. & Univs., 591 So. 2d 690, 695 (La. 1991). The proper inquiry for the Court therefore consists of determining: (1) whether the Library Board "promised" McKey continuing family health insurance coverage and (2) whether McKey, through her actions, fulfilled the requirements for receiving the benefit.

The Library Board cites several cases suggesting that the language in an employment manual or handbook cannot impose a contractual obligation on the employer. See Wallace, 79 F.3d at 430-31; Adams v. Autozoners, Inc., No. Civ.A. 98-2336, 1999 WL 744039, at *5-6 (E.D. La. Sept. 23, 1999); Square v. Hampton, 144 So. 3d 88, 98-99 (La. App. 4 Cir. 6/4/14); Leger v. Tyson Foods, Inc., 670 So. 2d 397, 401-02 (La. App. 3 Cir. 1/31/96); Wall v. Tulane Univ., 499 So. 2d 375, 375-76 (La. Ct. App. 4th Cir. 1986). The Board also points to a provision in the Manual which states:

10

> Neither this manual or any of the policies and practices included is intended as an employment contract (express or implied) and accordingly should not be considered as such. Nothing in this manual should be relied upon as a guarantee for certain privileges, working conditions or continued employment.

However, the cases on which the defendant relies largely comprise summary judgment dismissals, rather than dismissals for failure to state a claim of claims by plaintiffs who attempted to use manual and handbook policies to alter the character of at-will employment agreements. See Adams, 1999 WL 744039; Square, 144 So. 3d 88; Leger, 670 So. 2d 397; Wall, 499 So. 2d 375. But another line of Louisiana cases supports the proposition that a manual provision can signify the promise of a benefit to an employee. In Fairbanks v. Tulane University, for instance, the son of a deceased Tulane faculty member claimed that the university owed him a tuition waiver pursuant to a provision in the 1986 Tulane Faculty Handbook. 731 So.2d 983, 984 (La. App. 4 Cir. 3/31/99). The Louisiana Fourth Circuit reversed a summary judgment dismissal of the claim by the son of a deceased Tulane faculty member that the university owed him a tuition waiver pursuant to a provision in the 1986 Tulane Faculty Handbook. Id. at 990-91. Distinguishing its earlier decision in Wall v. Tulane University as one focused on the "employment at will" doctrine, the Fourth Circuit in Fairbanks held that sufficient evidence had surfaced to support the plaintiff's assertion that faculty members relied on the Handbook as an assurance that, upon death, their children would

11

receive tuition waivers from the school. See id. at 985, 988. Because "that condition [of death] was met, the children and spouse of the deceased acquired a property interest in the benefit of tuition waivers." Id. at 990; see also Granger v. Christus Health Cent. Louisiana, 144 So. 3d 736, 762 (La. 6/28/13) ("[A]n employment manual or handbook, which governs other aspects of the employer/employee relationship, most notably benefits, cannot alter terms of employment established outside such a document, such as the duration of the relationship. However, it should be noted that employment benefits delineated in an employment manual or handbook are considered as being governed by those provisions.").

Moreover, Louisiana courts have held in decisions such as Jones v. City Parish of Baton Rouge that an employer's "long standing policy" of conferring a benefit can vest an employee who meets the attendant requirements with a property interest in the benefit. 526 So. 2d 462, 464-65 (La. Ct. App. 1st Cir. 1988); see also Ledoux v. City of Baton Rouge, 755 So. 2d 877, 878-79 (La. 2/29/00) (holding that a memorandum disseminated by the city which detailed a policy of awarding compensatory leave to employees granted a property right in the compensatory payments to a qualifying city employee); Finley v. Dep't of Transp. of Dev., 639 So.2d 431, 433 (La. Ct. App. 4th Cir. 1994) (employer's overtime policy gave employee right to expect compensation); cf. Born v.

City of Slidell, 180 So.3d 1227, 1234-35 (La. 10/14/15) (holding that a city ordinance provision promising a certain retirement plan entitled a retired employee who fulfilled the prerequisites to participate in the plan). At this pre-Rule 56 stage in the litigation, with the Court obligated to view the facts in the light most favorable to the plaintiff, McKey has facially articulated the existence of the Library's "long standing policy" of paying out family health insurance to retirees, as stated in the Manual.

However, McKey does not allege in her complaint that she is, in fact, a retiree. According to the Manual provision on which she props up her case, the Library pays 100 percent of its insurance benefits to "retired employees who qualify for retirement under the Parochial Employees Retirement System of Louisiana." While it is undisputed that McKey qualifies for retirement under PERSLA, the Library Board has importantly conveyed that it considers her terminated, not retired. Nowhere has McKey alleged that her supervisors and the Library Board ever considered her to have retired,[3] nor has she asserted that the Library has a "long standing policy" of paying 100 percent of its insurance benefits to *terminated* employees who qualify for

---

[3] The Library Board acknowledges that it is paying McKey the retirement benefits in which she had vested. The plaintiff, however, provides no basis for the proposition that the receipt of vested retirement benefits renders an employee "retired" in spite of a forced separation.

13

retirement under PERSLA. By directing the Court's attention to the Library Board's compound requirements of retirement and qualification in the Manual, she has failed to allege, under <u>Knecht</u>, that she has met the requirements for a promised benefit.

The plaintiff has thus failed to allege that she has a Fourteenth Amendment-protected property right to continuing health insurance benefits as one who retired. Accordingly, for the foregoing reasons,

IT IS ORDERED: that the defendant's motion to dismiss is GRANTED without prejudice to amend her complaint within 14 days, if she chooses to do so, being mindful that if she was in fact terminated, not retired, the provisions of 28 USC §1927 might apply to this case.

New Orleans, Louisiana, February 23, 2017

_____
MARTIN L. C. FELDMAN
UNITED STATES DISTRICT JUDGE