UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA


SUSAN DILLARD MCKEY                          CIVIL ACTION

v.                                           NO. 16-13642

ROBERTA ZENO AUGUST, ET AL.                  SECTION "F"


ORDER AND REASONS

Before the Court is the plaintiff's motion to stay proceedings pending the conclusion of state criminal proceedings. For the reasons that follow, the motion is GRANTED.

**Background**

This civil rights lawsuit by a former employee of St. John the Baptist Parish Library concerns allegations of reverse racial discrimination and deprivation of continued family health insurance coverage without due process of law.

In early July 1986, the Library Board hired Susan Dillard McKey to work as an Assistant Director at the Central Library. In 2008, Ms. McKey was relieved of her responsibility for supervising the library branches in Reserve, Garyville, and Edgard. In 2009, Ms. McKey was relieved of the responsibility for tracking and

1

handling the Library's fixed assets, at the request of the Library Board's auditor.  In 2013, Ms. McKey was relieved of her supervisor responsibilities over the Technical Services Department.

As of September 23, 2013, Ms. McKey alleges that she was a member of the Louisiana Parochial Employees' Retirement System and had over 33 years of creditable services in the retirement system and that, as of that date, she effectively retired by opting to participate in the Deferred Retirement Option Plan pursuant to La.R.S. 11:447. She alleges that her entry into the DROP program had been approved and, "[a]t the time of her retirement, the Plaintiff had met all of the eligibility requirements for retirement pursuant to La.R.S. 11:441."  She further alleges that, as of September 23, 2013, she acquired a vested property right in and to her retirement benefits, including continued health insurance coverage.[1]

---

[1] Ms. McKey alleges that the Library Board's Policies and Procedures Manual states that: "The Library participates in the health, dental and life insurance program offered by the St. John the Baptist Parish Government for all regular full time employees and their dependents....  The insurance benefit is paid at a rate of 100% by the Library for regular full time employees and for retired employees who qualify for retirement under the Parochial Employees Retirement System."

Roberta Zeno August was hired by the Library Board as the Director in 2014. On January 29, 2015, Ms. McKey completed a form describing her job duties and the amount of time spent on each task. During the week of April 27, 2015, Ms. August met with Ms. McKey over three days to discuss her job duties and role as Assistant Director. On April 29, 2015, Ms. August held a "continuation meeting" with Ms. McKey to review the job description of Assistant Director and the position's duties and responsibilities. That same day, Ms. August demoted Ms. McKey from Assistant Director to Acquisitions/Cataloger Librarian.

After going home early, Ms. McKey returned to the Library on April 29, 2015 and was captured on surveillance video removing items between 8:30pm and 8:50 pm. It was discovered that Ms. McKey had removed physical documents from her office and apparently also had deleted files form the hard drive of her computer and her home directory on the Library's server.

After being demoted, Ms. McKey never returned to her position; rather, on May 4, 2015, she requested and was granted leave under the Family Medical Leave Act. That same day, Ms. August gave notice of her intent to resign as Director of the Library, effective August 21, 2015. On May 7, 2015, Ms. August wrote Ms. McKey, requesting the return of documents that she was recorded

removing from the library. On May 13, 2015, Ms. McKey returned some, but not all, of the items she had taken from the library. On May 19, 2015, Ms. August called Ms. McKey several times to arrange a meeting with her and Houston and to ask questions about the files taken from her office and deleted from her computer. Ms. McKey said that she would not attend the meeting without counsel if Houston was present. The last time Ms. August called, the phone went "dead." Ms. August called Ms. McKey again, but she did not pick up.

On May 27, 2015, Ms. August sent Ms. McKey a letter notifying her of her termination. No one recommended to Ms. August that she terminate Ms. McKey's employment. Ms. August's reasons for terminating Ms. McKey were set forth in the May 27, 2015 letter. The letter stated that Ms. August had "discovered most of the files in [McKey's] office were empty and files on the computer [she was] assigned were deleted," and that "the removal of those files was a violation of policy that prohibits the removal of library property without authorization of the director." The letter recounted Ms. August's efforts to have Ms. McKey return files and answer questions about the files she deleted. The letter concluded: "[g]iven [Ms. McKey's] actions and your failure to discuss the removal and deletion of the files, you are being terminated from the St. John the Baptist Parish Library System."

On August 5, 2015, Ms. McKey was arrested by St. John the Baptist Parish Sheriff's Office.  On December 1, 2015, the District Attorney for the 40th Judicial District filed a bill of information charging Ms. McKey with one count of second degree injuring public records; the bill of information was later amended to include two counts of attempted simple criminal damage to property and 51 counts of injuring public records, each charging instances of Ms. McKey damaging computer files.

On August 5, 2016, Ms. McKey sued Roberta Zeno August, St. John the Baptist Library Board of Control, and St. John the Baptist Sheriff's Office.[2]  Ms. McKey alleges that Ms. August, an African-American, is liable under 42 U.S.C. § 1981 for creating a hostile work environment and discriminating against her based on her Caucasian race, culminating in her wrongful termination.  Ms. McKey also alleges that the Library Board was liable under 42 U.S.C. § 1983 for violating Article I, § 10 and the Fourteenth Amendment of the U.S. Constitution, Article I, § 23 of the Louisiana Constitution, and Article I, § 2 of the Louisiana Constitution by denying her continued family health insurance coverage allegedly promised to her.  After the Court granted  St. John the Baptist Library Board of Control's motion to dismiss the plaintiff's

---

[2] On October 3, 2016, Ms. McKey's claims against the Sheriff's Office for false arrest and imprisonment were dismissed.

Section 1983 claim based on a Fourteenth Amendment protected property right to continuing health insurance benefits as one who retired, the Court granted the plaintiff an opportunity to amend her complaint, which she did. In her amended complaint, McKey made allegations against Ms. August, in addition to the Library Board, for the denial of a right to continuing health insurance benefits; she also asserted a claim against both defendants for violations of Louisiana state contracts law (a claim she had previously abandoned).

The Library Board moved to dismiss the amended complaint against it and August joined in the motion to dismiss insofar as the plaintiff alleged claims against her based on a right to continued health insurance benefits. After initially granting the motion to dismiss the plaintiff's amended claim based on her purported Fourteenth Amendment right to continued health insurance benefits, (see Order and Reasons dtd. 5/3/17), the Court reconsidered its ruling pursuant to Rule 54(b) when it determined that, accepting all of the allegations as true, Ms. McKey had stated a plausible claim for relief. See Order and Reasons dtd. 7/6/17. The defendants have since filed a motion for summary judgment on liability as well as a motion for summary judgment on damages. The pretrial conference is scheduled for August 31, 2017, and the jury trial is scheduled for September 18, 2017. The

plaintiff now moves to stay this case until the state criminal proceedings against her have concluded.  Ms. McKey's criminal trial date is December 18, 2017.


I.


A civil plaintiff who is also a criminal defendant has both a Fifth Amendment right to silence and a due process right to a judicial determination of her civil action.  <u>Wehling v. Columbia Broadcasting Sys.</u>, 608 F.2d 1084, 1087-88 (5th Cir. 1979).  To inform its discretion to stay civil proceedings pending resolution of criminal proceedings, a court generally considers these factors:

> 1) the extent to which the issues in the criminal and civil cases overlap;
>
> 2) the status of the case, including whether the defendant has been indicted;
>
> 3) the plaintiff's interest in proceeding expeditiously weighed against the prejudice to the plaintiff caused by a delay; and
>
> 4) the private interest of and burden on the defendant;
>
> 5) the interest of the court and the public interest.

<u>See</u> <u>Lodge v. Boyd</u>, No. 11-1257, 2011 WL 4727863 (E.D. La. Oct. 6, 2011)(citation omitted).

Ms. McKey urges the Court to stay this action pending the outcome of her criminal trial, which has been scheduled for December 18, 2017. She submits that issues in the criminal case and this one overlap; not only has she been charged with two counts of attempted simple criminal damage to property and 51 counts of injuring public records, but a criminal trial date has been set; both she and the defendants have an interest in proceeding expeditiously, but not at the expense of her Fifth Amendment right against self-incrimination. Ms. McKey underscores that the defendants' stated reason for firing her was that she took documents from the library in violation of library policy, and that a full and proper prosecution of all of her claims here require her testimony regarding this stated reason for termination; testimony regarding the same facts at issue in the pending criminal proceeding charging her with injuring public (library) records.

Urging the Court to deny the plaintiff's motion to stay, the defendants downplay the overlap between the civil and criminal matters, to the point of distortion. The defendants' "stated reason for demoting McKey ha[s] nothing to do with McKey's alleged damage to property or injury to public records," they argue on the one hand, but then go on to concede on the other that the defendants intend to offer evidence regarding library records and files being

taken or deleted by Ms. McKey.  The Court declines to indulge in the defendants' semantics game in the face of the plaintiff's Fifth Amendment right against self-incrimination.  What is more concerning to the Court is defense counsel's representation that Ms. McKey has offered testimony about "most" of these issues and that she has done so without exercising her Fifth Amendment right against self-incrimination; they offer no citations to the record in support.  This Court's own review of the record shows precisely the opposite.  The most critical omission from the defendants' submission is any citation to Ms. McKey's deposition testimony, perhaps because it undermines their argument: beginning on page 216, line 23, Ms. McKey invokes the Fifth Amendment in response to questions about the documents she is alleged to have taken (by the library in support of its stated reason for terminating her employment) and charged with injuring (by the state authorities in the pending criminal case).  Finally, the defendants fail to persuade the Court that they will be burdened or prejudiced by the delay.

The plaintiff has persuaded the Court that proceeding to trial on her civil case before the pending criminal proceeding has concluded implicates her right against self-incrimination. Accordingly, IT IS ORDERED: that the plaintiff's motion to stay is hereby GRANTED.  The case is hereby stayed and closed for

statistical purposes, to be re-opened upon proper motion by the parties following the conclusion of the criminal proceedings that have been instituted against her.

New Orleans, Louisiana, August 23, 2017

MARTIN L. C. FELDMAN
UNITED STATES DISTRICT JUDGE